IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TARA ASHLEY PRICE | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-362 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tara Ashley Price, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 253rd District Court of Liberty County, Texas. On October 8, 2013, Petitioner pleaded guilty to possession of methamphetamine in a drug free zone. In accordance with the plea agreement, Petitioner was sentenced to five years of imprisonment. The sentence was probated for five years, and Petitioner was placed on community supervision. Petitioner did not appeal the judgment.

On April 9, 2019, the State filed a motion to revoke Petitioner's community supervision. The motion alleged that Petitioner committed two new offenses, namely: possession of a controlled substance and forgery of a financial instrument. The motion also alleged that Petitioner failed to abstain from using drugs, tested positive for methamphetamine on two occasions, and failed to pay fines and court costs. Petitioner agreed to plead true to each of the allegations in the motion to

revoke in exchange for a four-year sentence. On September 10, 2019, Petitioner was sentenced to four years of imprisonment.

On January 14, 2020, Petitioner filed a state application for habeas relief. The Texas Court of Criminal Appeals denied the application without written order on April 15, 2020.

## The Petition

Petitioner contends the evidence was insufficient to support her guilty plea because she did not have the methamphetamine in her possession when she was arrested at the Cleveland Southside Primary School. Petitioner asserts that she found the methamphetamine in a holding cell after she was detained, and the bag of methamphetamine was discovered during the booking and search process the next day when she was taken to the Liberty County Jail. Petitioner also alleges that her attorney provided ineffective assistance by failing to notify the district attorney that Petitioner was innocent of possessing the drugs in a drug free zone.[1]

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

---

[1] Because Petitioner's claims concern her guilty plea entered on October 8, 2013, and not the revocation proceedings, it appears that the petition is barred by the statute of limitations. Respondent has not moved for dismissal based on a limitations defense.

States;[2] or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. State court decisions must be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). If the decision of the highest state court is not accompanied by an explanation of the court's reasoning, federal courts must look to the last state court decision that does provide an explanation for the decision. *Wilson v. Sellers*, __ U.S. __, 138 S. Ct. 1188, 1192 (2018). There is a rebuttable presumption that the unexplained ruling adopted the same reasoning. *Id*. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

---

[2] In making this determination, federal courts may consider only the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

Analysis

A voluntary guilty plea waives non-jurisdictional defects that occurred before the guilty plea was entered. *Morris v. Thaler*, 425 F. App'x 415, 418 (5th Cir. 2011) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)). Ineffective assistance of counsel claims are also waived, unless they relate to the voluntariness of the plea. *Gallow v. Cooper*, 505 F. App'x 285, 294 (5th Cir. 2012). Petitioner's claims regarding the sufficiency of the evidence and trial counsel's failure to address the sufficiency of the evidence with the district attorney both arose before Petitioner entered her guilty plea. As a result, the claims are waived unless the guilty plea was involuntary.

A guilty plea must be made knowingly, voluntarily, and intelligently to be constitutionally valid. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). When determining whether a plea is voluntary, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against her; (2) understood the constitutional protections she was

4

waiving; and (3) had access to competent counsel. *Id*. Declarations of voluntariness made under oath in open court carry a strong presumption of truth, forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). In addition, official records from the state court proceedings are entitled to a presumption of regularity and are accorded "great evidentiary weight." *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974).

In this case, the record contains written plea admonishments signed by Petitioner and dated June 16, 2016. Written Plea Admonishments, Dkt Entry #11-1 at 7-10. The admonishments advised Petitioner of the charged offense, the relevant punishment range, and the effects of a guilty plea including the waiver of certain rights. Petitioner acknowledged that she understood the plea admonishments and the consequences of her guilty plea, that she freely and voluntarily entered her plea, and that she committed the offenses as alleged. The trial court found that Petitioner's guilty plea was freely and voluntarily given. Dkt Entry #11-1 at 9.

The record reflects that Petitioner's guilty plea was voluntary. As a result, the claims raised in this petition were waived by entry of the guilty plea. The state court's rejection of her claims during the state court habeas proceedings was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Nor did it result in a decision that was based on an unreasonable determination of the facts.

<u>Recommendation</u>

This petition for writ of habeas corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 16th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge